### MOORMAN et, etc v ROOKSTOOL

Ohio Appeals, 2nd Dist, Montgomery Co

No 1165. Decided April 6, 1933

M. E. Schlafman, for plaintiff in error.
Jacobson & Durst, Dayton, for Carl Rookstool.

BY THE COURT

Submitted on motion of defendant in error, Carl Rookstool, to dismiss the petition in error for defect of parties defendant and failure to join proper parties defendant.

The original judgment was taken in behalf of plaintiff in error against Dr. Jason L. Urich and Carl Rookstool on a note by virtue of power of attorney. Thereafter, during term defendant Carl Rookstool filed a motion on his own behalf only, in which he moved the court to "vacate, set aside and hold for naught the judgment heretofore rendered."

An answer was tendered and the court upon consideration sustained the motion by the usual form of conditional vacation entry. Thereafter, the case came on to be tried to court, jury being waived and the court found in favor of defendant, Rookstool, and against the plaintiffs. Motion for new trial was filed and overruled, and judgment entry spread upon the records dismissing the plaintiffs' petition and awarding costs against the plaintiffs.

It is the claim of counsel for defendant in error that the action of the trial court constituted an opening up of the judgment as to both defendants, that as there was a joint judgment both defendants below must be made parties.

Upon careful examination of the motion and the action taken thereunder and entries in the transcript, we are satisfied that all that the court did was to grant to Mr. Rookstool the relief which he requested, namely, release of his liability on the note. All subsequent action must be considered and determined in the light of his motion. Therefore the subsequent entries only related to the judgment as it affected him and did not disturb in any particular the original judgment entry against Dr. Urich. This being true, the only action of the trial court which is now and has been challenged is the decision and judgment upon the motion of defendant, Rookstool, and the issues made up between him and plaintiffs.

We have examined **Jones v Marsh, 30 Oh St 20**, and other cases of like authority. In our judgment they are not controlling. The defendants below were not so jointly interested in the judgment as to be necessary parties to this error proceeding. We, therefore, are of opinion that the motion should be overruled.